UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2007 NOV 26  P 2: 04

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | |
|---|---|
| Yvette Cole,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Magistrate Judge Grace B Bennett,<br>Hampton County<br><br>　　　　　　Defendant. | C/A No.  9:07-cv-03748-SB-GCK<br><br>REPORT AND RECOMMENDATION |

Yvette Cole (Plaintiff) files this civil action *pro se*, and pursuant to 28 U.S.C. § 1915, *in forma pauperis*. Plaintiff alleges racial discrimination and corruption by the Defendant in her handling of an eviction proceeding as Magistrate Judge in Hampton County. Plaintiff seeks monetary damages.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief

may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

A judge has absolute judicial immunity with respect to her judicial acts. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). The Supreme Court of South Carolina, the Court of

2

Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (1989); *Cort Indus. Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (1975). County magistrates are judges in the State of South Carolina's unified judicial system. *Douglas v. McLeod*, 282 S.E. 2d 604, 605 (1981); *State ex rel McLeod v. Crowe*, 249 S.E. 2d 772 (1978).

Plaintiff names Hampton County Magistrate Grace B. Bennett as the Defendant in this case. Plaintiff claims that Magistrate Bennett discriminated against Plaintiff because she did not evict a tenant from property Plaintiff claims to own. This complaint should be dismissed because as a judge of the State of South Carolina's unified judicial system, Magistrate Bennett is entitled to immunity from suit for damages arising from her judicial actions, such as the dismissal of an eviction proceeding.

## Recommendation

Accordingly, it is recommended that the District Court dismiss this complaint *without prejudice* and without issuance and service of process.

George C. Kosko
United States Magistrate Judge

November 26, 2007
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

3

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).