IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 DEC 19 P 3: 18

| | |
|---|---|
| Yvette Cole, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 9:07-cv-03748-SB |
| ) | |
| Magistrate Judge Grace B. Bennett, ) | **ORDER** |
| Hampton County, and State of South ) | |
| Carolina, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Plaintiff Yvette Cole's *pro se* complaint, alleging discrimination and corruption on the part of Magistrate Judge Grace B. Bennett, who allegedly refused to evict an individual from the Plaintiff's property. By local rule, the action was referred to a United States Magistrate Judge for preliminary review.

On November 26, 2007, in accordance with 28 U.S.C. § 636(b)(1)(B), Magistrate Judge George C. Kosko filed a report and recommendation ("R&R") analyzing the Plaintiff's complaint and recommending that the Court dismiss the Plaintiff's complaint without prejudice and without service of process. On December 10, 2007, the Plaintiff filed timely objections to the R&R. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to an R&R within ten days after being served with a copy of that report).

In the R&R, the Magistrate Judge analyzed the Plaintiff's complaint as though the Plaintiff had sued only Magistrate Judge Grace B. Bennett ("Bennett"), recommending that the Court dismiss the Plaintiff's complaint because Bennett has complete judicial immunity. In her one-paragraph objections to the R&R, the Plaintiff states that she actually sued three parties: (1) Judge Grace B. Bennett; (2) Hampton County; and (3) State of South Carolina.



The Plaintiff states only that "Judge Bennett refused to evict a trespasser from my property knowing that the property belongs to me." Notably, the Plaintiff does not object to the Magistrate Judge's determination that Bennett is immune from suit. Nor does the Plaintiff set forth any claims against Hampton County or the State of South Carolina.

First, with respect to Defendant Bennett, the Court agrees with the Magistrate Judge that Bennett is entitled to immunity from suit for damages arising from her judicial actions, such as the dismissal of an eviction proceeding. Therefore, the Court adopts the Magistrate Judge's recommendation with respect to Defendant Bennett.

Next, with respect to Defendants Hampton County and the State of South Carolina, although the Magistrate Judge did not address these Defendants, a review of the Plaintiff's complaint as well as her objections indicates that the Plaintiff has failed to set forth any claim(s) against these Defendants. Nevertheless, even had the Plaintiff set forth any claim(s) against these Defendants, such claims likely would be subject to dismissal because, absent waiver or consent, the Eleventh Amendment bars suits directly against a state or an arm of the state. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (holding "that in the absence of consent, a suit in which the State . . . is named as a defendant is proscribed by the Eleventh Amendment").

Based on the foregoing, it is

**ORDERED** that the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

December 17, 2007
Charleston, South Carolina

The Honorable Sol Blatt, Jr.
Senior United States District Judge

2